### STATE v. BUTLER.

1. An indictment charged that the defendant, being secretary of a certain society, received the sum of $20, which he took possession of and held for the use of said society as such secretary, and that he did fraudulently and feloniously steal, take, and carry away, and convert to his own use, the said sum of money, whereby he committed a breach of trust with fraudulent intent, and by force of the statute in such case made and provided was guilty of the crime of grand larceny, contrary to the form, &c. *Held,* that the indictment was sufficient under the statute that declares breach of trust with fraudulent intent to be larceny.

2. This statute did not create any new offence, but only extended the crime of larceny at common law to cases in which the property stolen was in the legal possession of the accused at the time of its conversion.

3. One who has acted as secretary of a society cannot deny the existence of such society when prosecuted for a fraudulent breach of his trust.

4. To constitute breach of trust a criminal offence, there must be a fraudulent intent. Therefore the Circuit judge erred in refusing to charge the jury, when so requested, "that the mere fact of not paying over the money by the defendant was not sufficient evidence in itself to convict him of a breach of trust with fraudulent intent."

Before FRASER, J., Spartanburg, March, 1884.

The indictment in this case was against Howard Butler under the statute which declares breach of trust with fraudulent intent to be larceny. The opinion states the case.

*Mr. J. S. R. Thomson,* for appellant.

*Mr. Solicitor Duncan,* contra.

May 6, 1884. The following order of the Court was passed by

Mr. Chief Justice Simpson. It is ordered that the judgment of the Circuit Court in this case be reversed, and that the case be remanded for a new trial. The reasons for this judgment will be given in the opinion hereafter to be filed. Let the remittitur be sent down immediately.

July 1, 1884. The opinion of the court was delivered by

Mr. Chief Justice Simpson. The defendant was indicted for an alleged breach of trust. He was tried and convicted at a Court of Sessions for Spartanburg county in 1884. The indictment contained two counts, in each of which it was alleged substantially that, being the secretary of the "Star Banner Lodge of the Independent Order of the Knights of Wise Men," he received the sum of twenty-three dollars, which he took possession of and held for the use of the said order as said secretary; and that he did fraudulently and feloniously steal, take, and carry away, and convert to his own use, the said sum of money, whereby he committed a breach of trust with fraudulent intent, and by force of the statute in such case made and provided was guilty of the crime of grand larceny, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the said state.

The questions involved in the appeal are, first, as to the sufficiency of the indictment, *i. e.*, whether grand larceny can be charged in an indictment under the breach of trust act; second, whether the defendant by acting as secretary was estopped from denying the incorporation of the order; and, third, whether it was error on the part of the Circuit judge to refuse to charge as requested, "that the mere fact of not paying over the money by the defendant was not sufficient evidence in itself to convict him of a breach of trust with fraudulent intent."

We think the indictment was sufficient. The act on the subject of breach of trust makes the offence larceny in general terms, and we think when it placed it under the general head of larceny, it partakes of all the incidents thereto, and is governed by the law applicable to larceny as one of the classes of crime whether statutory or common law. Indeed, when the nature and purpose of

the act is considered, such must have been the intention of the legislature. Larceny at common law is defined to be, the taking and carrying away the personal goods of another with felonious intent. Under this general definition, before a party could commit the crime, it was necessary that the property should be in the actual or constructive possession of the owner, or of some one else than the thief. Consequently, it was held at common law that where a party was in the legal custody of the property of another, he could not commit larceny upon it, although he should fraudulently appropriate it to his own use, for the reason that he could not take it from the other, being already in legal possession himself.

The object of the breach of trust act, as we understand it, was not to create any new offence in its nature and essence, but simply to remove the technical difficulty in the way of conviction, suggested above. The larceny which the act denounces is the same in all of its features as common law larceny. It is not simply the non-payment of a debt, but it is the appropriation of the property of another to the use of the accused, with the intent to make it his own, and to destroy the title of the true owner, under circumstances which would make it larceny at common law, except for the fact that he had obtained possession in the first instance in some legal way. In morals there is no difference between a theft committed upon property over which one has a charge or custody, and property in the possession of another. The act recognizes this fact, and it simply strips from the former class the defence of legal possession which it had before the act, and declares it to be larceny. When so declared, it must be governed in every respect by the laws applicable to the general crime of larceny, one of which is the division into grand and petit.

Upon the second question, the Circuit judge charged, that if the jury, from the testimony, came to the conclusion that the defendant acted as the secretary of the order named, it would be too late for him to say now that there was no such society, but it was a question for the jury whether the defendant was the secretary of such society. This was in accordance with the case of *State* v. *Sellers*, 7 *Rich.*, 368, where is was held that an officer who had assumed the duties of an office could not himself dispute

the validity of his own appointment, even when proceeded against *criminaliter*.

As to the last exception, we think the defendant was entitled to the distinct charge requested, the refusal to charge which forms the third ground of appeal. The object of the breach of trust act, as we have said, was not to make criminal the failure to pay a debt. This often happens from misfortune, or from other causes far removed from fraud or crime; and the mere fact of non-payment affords no ground whatever upon which to base a charge of larceny or breach of trust. To constitute this offence as to property, there must be an appropriation thereof, accompanied with a fraudulent purpose to destroy the right of the true owner. This is not a necessary inference from mere non-payment, and the defendant was entitled to have it declared to the jury as· matter of law, that failure to pay, in itself, did not constitute the offence charged.

Let this opinion be filed with the judgment heretofore pronounced reversing the judgment of the Circuit Court.